REAVLEY, Circuit Judge,
dissenting in part:
I would affirm the district court judgment. I concur with the judgment that, *427 due to the force majeure clause, Dynegy was not obligated to secure replacement gas for Ergon Refining. But the contract with Ergon-West Virginia required Dynegy to continue to supply the designated quantity of gas. Judgment, to be consistent with the contract, should compensate Ergon-West Virginia for the failure of that supply.
Dynegy’s obligation to Ergon-West Virginia was not to deliver a particular source of gas; it was to deliver a designated quantity. If the Dynegy could not deliver its supply because of Katrina and Rita, the force majeure clause would be material; but nothing prevented Dynegy from performing its contract since gas supply was available. Dynegy agrees that it was capable of transporting gas that it could have obtained for Ergon-West Virginia. Therefore, its contract required it to do so.